E-FILED
Thursday, 27 September, 2018  01:06:03 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

LILIA VALENCIA and PABLO PADILLA,

                Plaintiffs,

v.

T. BROLIN, INC., d/b/a SERVICEMASTER
BUILDING MAINTENANCE and BRODIE
MCGRATH, individually

                Defendant.

## COMPLAINT

Plaintiffs, Lilia Valencia and Pablo Padilla, by and through their attorneys, Caffarelli &

Associates Ltd., for their Complaint against Defendants T. Brolin, Inc., d/b/a ServiceMaster

Building Maintenance ("TBI" or the "Company") and Brodie McGrath, individually, state as

follows:

### NATURE OF ACTION

1.      Plaintiffs each bring individual claims based on Defendants' practice of

compensating Plaintiffs at their "straight time" rates rather than overtime rates for overtime

hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the

Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL").

2.      Plaintiffs also bring claims of retaliation in violation of the FLSA and IMWL, for

Defendants' termination of both plaintiffs following Ms. Valencia's complaints about the failure

to compensate her as required under the law.

### JURISDICTION AND VENUE

3.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331

(federal question jurisdiction), and 29 U.S.C. § 216(b) (right of action under the FLSA).

4.      This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5.      The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant TBI's office located in Kankakee County. Venue in the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Ms. Valencia is an adult resident of Kankakee, Illinois.  She worked as a Janitor for Defendant from 2008 until her termination on August 17, 2018, with a brief break in her employment in or around 2015.

7.      Ms. Valencia was an "employee" of Defendants within the meaning of the FLSA and IMWL.

8.      Mr. Padilla is an adult resident of Kankakee, Illinois. He worked as a Janitor for Defendant from in or about August 2016 until his termination on August 17, 2018.

9.      Mr. Padilla was an "employee" of Defendants within the meaning of the FLSA and IMWL.

10.      Ms. Valencia and Mr. Padilla are and at all times relevant to this Complaint were married.

11.      Defendant T. Brolin, Inc. is a cleaning service operating under the name ServiceMaster Building Maintenance.

12.      TBI maintains a principal office in Kankakee, Kankakee County, Illinois.

13.      Defendant TBI is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.     Defendant TBI is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

15.     Defendant McGrath is the owner of Defendant TBI. Since at least 2016, Defendant McGrath has been involved in the day-to-day business operations of Defendant TBI. Among other things, Defendant McGrath has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Defendant TBI's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

16.     Ms. Valencia worked for Defendants from approximately 2008 through her termination on August 17, 2018, with a brief break in her employment in or around 2015. She worked at various locations in Kankakee County performing cleaning services for TBI's clients.

17.     During Ms. Valencia's employment in the three years preceding the filing of this Complaint, Defendants required her to, and Ms. Valencia did, work in excess of 40 hours per workweek.

18.     Defendants failed to compensate Ms. Valencia at the overtime rate of one and one-half times her regular rate for overtime hours

19.     Instead, Defendants paid Ms. Valencia at her regular hourly rate for overtime hours.

20.     Mr. Padilla worked for Defendants from in or around August 2016 through his termination on August 17, 2018. He worked at various locations in Kankakee County performing cleaning services for TBI's clients.

21.     During Mr. Padilla's employment in the three years preceding the filing of this Complaint, Defendants required him to, and Mr. Padilla did, work in excess of 40 hours per workweek.

22.     Defendants failed to compensate Mr. Padilla at the overtime rate for overtime hours

23.     Instead, Defendants paid Mr. Padilla at his regular hourly rate for overtime hours.

24.     To conceal its practice of paying employees at their regular rate for overtime hours, Defendants falsified TBI's payroll in a number of ways, each of which concealed improper compensation for overtime hours. The effect of this practice was that none of Plaintiffs' paycheck stubs obviously reflected compensation for more than 80 hours in any biweekly pay period.

25.     However, Defendants did in fact pay Plaintiffs for their overtime hours. In order to make it appear that Plaintiff were not working overtime, while simultaneously paying them at their lower regular rate for overtime hours, Defendants utilized the following practices:

   a.   Defendants categorized payment that was in fact for overtime hours paid at the regular rate as "other wages." Examples are attached as **Group Exhibit A** (as to Plaintiff Valencia) and **Group Exhibit B** (as to Plaintiff Padilla); and

   b.   Similarly, Defendants categorized payment that was in fact for overtime hours paid at the regular rate as a "bonus" and, in certain cases, also as "other wages." When using this tactic, Defendants issued two separate paychecks for the same pay period to further conceal their unlawful pay

practices. Examples are attached as **Group Exhibit C** (as to Plaintiff

Valencia) and **Group Exhibit D** (as to Plaintiff Padilla).

26.     Defendants only paid Plaintiffs "other wages" and "bonuses" in pay periods

where the total hours reflected on their biweekly paychecks were exactly 80.

27.     There was no legitimate basis to structure Plaintiffs' pay this way other than to

conceal Defendant's knowing and willful failure to pay overtime wages for overtime hours.

28.     Defendant knew or should have known about its obligation to pay Plaintiffs the

overtime rate for hours worked in excess of forty (40) per work week.

29.     On or about August 17, 2018, Ms. Valencia went to the TBI office to pick up her

paycheck. Given the number of hours she had worked in the preceding two week pay period, she

was expecting a large check. Instead, she received one which falsely reflected, and only

compensated her for, exactly 80 hours worked in the previous pay period.

30.     When she saw her paycheck on August 17, 2018, Ms. Valencia complained about

Defendant's failure to pay her for all of her hours worked, including overtime hours. In response

Defendant McGrath, the owner of TBI, told her he was not going to pay her any more but that

she had to work the hours she was assigned. Defendant McGrath got angry and began throwing

things at Ms. Valencia and Mr. Padilla, who was also present.

31.     Following the incident on August 17, 2018, Defendant McGrath informed TBI

employees that Ms. Valencia and Mr. Padilla no longer worked for Defendant.

32.     Defendants terminated Ms. Valencia and Mr. Padilla effective August 17, 2018,

in retaliation for Ms. Valencia's complaints the same day about Defendants' failure to

compensate her as required under the FLSA and IMWL.

## COUNT I
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

33.     Plaintiffs re-state and incorporate the above paragraphs as though fully set forth herein.

34.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Plaintiffs overtime wages for all hours worked in excess of forty (40) per workweek.

35.     Pursuant to the FLSA, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

36.     As set forth above, Defendants paid Plaintiffs at their regular hourly rate, not the overtime rate, for overtime hours.

37.     Defendants violated the FLSA by failing to pay Plaintiffs overtime wages for all hours worked in excess of forty (40) per workweek.

38.     Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the FLSA, since their conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

WHEREFORE, Plaintiffs Lilia Valencia and Pablo Padilla respectfully request that this Court enter an order as follows:

a)      Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)      Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c)      Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d)      Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)      Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)      Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW – FAILURE TO PAY OVERTIME

39.     Plaintiffs re-state and incorporate the above paragraphs as though fully set forth herein.

40.     This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay Plaintiffs overtime wages for all hours worked in excess of forty (40) per workweek.

41.     Pursuant to the IMWL, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

42.     As set forth above, Defendants failed to pay Plaintiffs at the overtime at the overtime rate for hours worked in excess of forty (40) per workweek.

43.     Defendants violated the IMWL by failing to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

44.     Defendants' failure to pay the overtime rate for overtime hours is a willful violation of the IMWL, since their conduct shows that they either knew that their conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

WHEREFORE, Plaintiffs Lilia Valencia and Pablo Padilla respectfully request that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

f) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
## RETALIATION IN VIOLATION OF THE FLSA AND IMWL

45. Plaintiffs restate and incorporate the above paragraphs as though fully set forth herein.

46. Defendants' actions as set forth in the factual allegations above constitute unlawful retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3) and IMWL, 820 Ill. Comp. Stat. 105/11(c).

WHEREFORE, Plaintiffs Lilia Valencia and Pablo Padilla respectfully request that this Court enter an order as follows:

a) Awarding compensatory and punitive damages in an amount to be determined at trial;

b) Awarding reasonable attorneys' fees and costs; and

c) Ordering such other and further relief as this Court deems appropriate and just.

Dated: September 27, 2018                    Respectfully submitted,

Alejandro Caffarelli, 6239078                LILIA VALENCIA and PABLO PADILLA,
Madeline K. Engel, 6303249
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300
Chicago, IL  60604                           By: /s/ *Madeline K. Engel*
Tel. (312) 763-6880                              Attorney for Plaintiffs